Dixon-Paul Printing Co. *v.* Board of Public Contracts.

[77 South. 908, Division B.]

1. Constitutional Law. *Due process of law. Qualifications of bidders for public contracts.*

Section 1, chapter 135, Laws 1916, prohibiting the board of public contracts from accepting bids for public printing by persons not *bona-fide* residents of and actually engaged in the printing business within the state, does not violate any of the provisions of the Constitution of the United States.

2. Same.

Section 1, chapter 135, Laws 1916, defining "responsible bidder" as excluding non-residents without a printing plant in the State, is not violative of section 107, Constitution 1890, providing that contracts for printing be let to the lowest "responsible bidder"

and giving the legislature power to regulate the letting of contracts. The bidder thus excluded having no vested right in such contracts and the regulation prescribed by the statute being entirely reasonable.

APPEAL from the circuit court of Hinds county.

HON. C. B. HAMELTON, Special Judge.

Proceeding by mandamus, by the Dixon-Paul Printing Company against the Board of Public Contracts of the state of Mississippi. Demurrer to petition sustained, and petitioner appeals.

The facts are fully stated in the opinion of the court.

*Green & Green,* for appellant.

*Ross A. Collins* and *R. H. & J. H. Thompson,* for appellee.

COOK, P. J., delivered the opinion of the court.

The appeal comes from Hinds county, First district, and presents solely the constitutionality of chapter 135, Laws of 1916, under section 107 of the Constitution.

The petition avers:

(1) Defendants constituted the Board of Public Contracts, and are vested with the power in that behalf incident.

(2) Petitioner is a corporation of Tennessee, and "is in all respects a responsible person and ready and willing to comply in every way with the laws of the state of Mississippi in that behalf made and provided, and has been duly admitted into said state for the purpose of doing its lawful business."

(3) The Board of Public Contracts, upon November 9, 1917, held a meeting "for the purpose of letting the public printing," and that at said meeting petitioner appeared and filed its bid as under the law it was entitled to do, "but . . . said board . . . wrongfully failed and refused to receive or consider said bid, or any part thereof, then and there asserting

that under the laws of 1916 they were precluded from so considering said bid made by this petitioner.''

(4) Petitioner avers that it is a lawful bidder and entitled to have its bid so made, considered, and, being lower ''than the other bidders, to have the contract for doing those classes of the state printing as to which said bid is lowest, awarded to it, and to have a contract properly drawn therefor. Said refusal being based solely upon said law of 1916.''

(5) ''That said petitioner has in all things complied with the law, saving and excepting said portion of said alleged law, whereunder and whereby petitioner is precluded from having its rights protected in the premises.''

(6) Petitioner avers that said act is unconstitutional in prohibiting said board from considering petitioner's right to so bid, in that said act violates section 107 of the Constitution of the state of Mississippi, and in that it violates the due process clause of the federal Constitution, and the equal protection clause of the federal Constitution.

A demurrer was interposed upon divers grounds, but the court sitting heard the demurrer, and passed upon, only the constitutional proposition, expressly reciting:

''And the court being of the opinion that the demurrer is well taken, in this, that said act excluding the said petitioner from bidding does not violate any provision of the Constitution of the state of Mississippi or of the United States, and that said demurrer should be sustained upon that ground, and the petition dismissed. Wherefore, it is hereby ordered that said demurrer be and the same is hereby sustained upon the ground aforesaid.''

The law which it is charged violates both the state and federal Constitutions will be found in chapter 135, Laws of 1916, and reads as follows:

"The bids shall be sealed proposals addressed to the president of the board of public contracts, and each bid must be marked 'Bid for public printing, class; . . . ' filling up the blank with the number of the class, according to the classification made by the board of public contracts, as hereinafter provided for in this act. Every bid must be for a specific class, and for only one class, and be accompanied with the proper bond; but the contract for several or for all of the classes may be let to one person, if he be the best bidder for each. There is implied in every bid and contract the promise and obligation to comply with all the requirements of law. Where bids are equal, freight and express charges considered, preference shall be given to *bona-fide* residents of the state actually engaged in the printing business."

"No bidder who is a nonresident of the state of Mississippi shall be regarded or treated as a responsible bidder within the meaning of section 107 of the Constitution of Mississippi of 1890, authorizing the legislature to prescribe regulations for the letting of contracts for public printing, who has not a printing plant in this state, or who is not a *bona-fide* resident of this state, actually engaged in the printing business subject, within this state, to the service of process from the courts of the state. No contract or part of any contract shall be sublet to any person who is not a responsible bidder, as above set forth. If the owners of printing establishments in the state should at any time combine or agree together for the purpose of preventing competition for bids under this chapter, then, in such event, this chapter shall not be binding, and the printing of the state may be let to the lowest bidder, whether such bidder be of residence in this state or not."

This court has decided that the law in question does not violate the Constitution of the United States. *Collins* v. *Senatobia Blank Book Co.,* 115 Miss. 254, 76 So. 258.

We come now to a consideration of the contention that the law in question violates section 107 of our state Constitution, which is in these words:

"All stationery, printing, paper, and fuel, used by the legislature, and other departments of the government, shall be furnished, and the printing and binding of the laws, journals, department reports, and other printing and binding, and the repairing and furnishing the halls and rooms used for the meeting of the legislature and its committees, shall be performed under contract, to be given to the lowest responsible bidder, below such maximum and under such regulations as may be prescribed by law. No member of the legislature or officer of any department shall be in any way interested in such contract, and all such contracts shall be subject to the approval of the governor and state treasurer."

We think that this section of the Constitution was probably adopted by the Convention mainly for the purpose of doing away with the old Public Printer, who was elected by the legislature, and to substitute therefor competitive bidding for the state's printing.

Appellant here began this suit in the circuit court of Hinds county by a mandamus proceeding. The Board of Public Contracts demurred to the petition, which demurrer was sustained, and an appeal to this court followed.

It appears that appellant (and this shown by its petition) is a Tennessee corporation, organized under the laws of that state. It is not claimed that appellant is a resident of this state, nor is it claimed that it ever had a printing plant in this state; it is not shown that appellant could have been served with the process in this state, but it does appear that appellant is one of a class to whom the statute says the contract shall not be awarded. So, we assume that the sole question we are called upon to decide is whether or not the statute is unconstitutional.

Counsel for appellant have collated numerous decisions from the several states defining the term "responsible bidder," and earnestly argue that, inasmuch as the appellant measures up to the standards universally recognized, any legislation which denies his right to bid for and receive the contract is utterly void. The argument is that, appellant having shown that he is a responsible bidder in the usual acceptation of the term, the legislature exceeded its authority when it added other qualifications than those prescribed by the Constitution.

This contention ignores that part of section 107 of the Constitution which confides to the legislature the power to prescribe regulations for the letting of printing contracts. We believe that the power to regulate carries the power to prescribe the qualifications which the bidder must possess. The legislature may define the phrase, "responsible bidder," if the definition be reasonable. We can see no reason why the legislature could not confine the bidders to residents of the state. This certainly would not be arbitrary or unwise, and certainly a foreign corporation cannot complain, especially as, in this case, it was not excluded for the reason that it was a foreign corporation, but because it did not otherwise measure up to the statutory standard.

It seems clear to us that the Constitution did not place any restrictions upon the legislature regarding rules and regulations for the letting of contracts, especially reasonable rules designed to protect the state. And, after all, we are unable to see that the appellant has any cause of complaint; it has no vested right in the contract, and the regulations prescribed by the statute are entirely reasonable.

*Affirmed.*