AMERICAN BOOK CO. *v.* VANDIVER.

(Division B. Feb. 7, 1938. Suggestion of Error Overruled March 21, 1938.)

[178 So. 598. No. 33020.]

Creekmore, Creekmore & Capers, of Jackson, for appellant.

Harold Cox, of Jackson, for appellant.

522

**W. W. Pierce**, Assistant Attorney-General, **Johnson & Allen**, of Indianola, and **Lotterhos & Travis**, of Jackson, for appellee.

524

Argued orally by **Harold Cox** and **H. H. Creekmore**, for appellant, and by **W. W. Pierce** and **Cecil Travis**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Article 30, chapter 163, sections 6791-6830, Code 1930, provides a complete statutory plan for the adoption and procurement of school books. Under the provisions of that article, and in all respects in compliance therewith and at the times therein required, the Text Book Commission adopted certain of the books offered by appellant. But when the contract and bond required by section 6803, said Code, had been prepared and approved by the Attorney General and delivered to the Governor for his execution and approval, he declined to execute the contract and declined to approve the bond, in consequence of which, appellee, the state superintendent of education, refused to send out the notice of said adoption to the

county superintendents and teachers, as otherwise would have been required by section 6813, said Code.

Appellant book company thereupon brought this action in mandamus to compel the superintendent to comply with said section 6813, so that thereby the local authorities and teachers would be advised that they must use only the appellant's books adopted as aforesaid, but the learned trial court refused the writ and dismissed the action.

The concluding sentence of section 6803, said Code, reads as follows: "At the time of the execution of the aforesaid contract, the contractors shall enter into bond in the sum of not less than ten thousand dollars, payable to the state of Mississippi, conditioned for the faithful, honest and exact performance of all terms of said contract, together with payment of reasonable attorney's fees in case of recovery in any suit upon same, to be approved by the governor and the attorney-general." Nowhere in said statutes is there any provision for the approval of the bond by any other person or persons, or as to what shall be done in case the Governor refuses. Whatever the consequences, it is not within our authority to supply by judicial construction what may be be deemed legislative omission in said respects. We are not even warranted in assuming that there was any omission or oversight on the part of the Legislature; but, if so, that body alone can correct it. We must proceed to decision upon the statutes as they are written.

A party plaintiff in any action for legal relief must show in himself a present, existent actionable title or interest, and this right must be complete at the time of the institution of the action; an inchoate right is not sufficient. Such is the general rule; and in mandamus particularly the right not only must be complete, but must be clear. 38 C. J., pp. 582, 583, and the numerous cases cited under note 71. Id., p. 585, note 78.

The great weight of authority sustains the principle

that when statutes, dealing with public contracts, require the contractor to execute an approved bond the contract is not complete and no legal right of enforcement arises thereunder until the bond is executed and approved in the manner pointed out by the statute. Such a bond is in the nature of an official bond; and the necessity for its approval by the public authority designated by statute to exercise that function can no more be dispensed with by judicial construction or fiat, than would the courts be authorized to strike out or eliminate altogether the statutory requirement respecting the giving of a bond, the requirement being plainly written in the statute. In respect to public contracts ''where a particular manner of contracting is prescribed, the manner is the measure of power and must be followed to create a valid contract.'' Donelly on the Law of Public Contracts (1922 Ed.), section 5, p. 7.

It has long been settled in this state that when the statute designates plainly a certain officer as the authority to approve a requisite official bond, no other person can exercise that function; and if the officer so authorized refuse to approve, he cannot be compelled to do so by mandamus, the function being quasi judicial in its nature. Swan v. Gray, 44 Miss. 393; Shotwell v. Covington, 69 Miss. 735, 12 So. 260; Andrews v. Covington, 69 Miss. 740, 13 So. 853. In these cases, it was held that a person, although duly and legally appointed or elected to an office, was not entitled thereto when the public officer, appointed by statute to approve the official bond, refused to approve it, and this regardless of the reasons or want of reasons for the failure or refusal to approve. The Legislature, in enacting the statute now under consideration, is presumed to have known of those decisions, and to have acted in the light thereof in requiring approval by the Governor of book contractor's bonds.

So it is that we have the plain case that the statute

prescribes in unambiguous terms that the bond must be approved by the Governor and the Attorney General; not by one of them, but by both of them. What reason or reasons the Governor had for withholding his approval is not within the province of the court to inquire. His failure or refusal to approve is an end of the matter so far as the courts are concerned. The appellant has no completed contract; consequently no completed right of action, and no standing in mandamus.

We have not deemed it necessary to go out of our own jurisdiction to cite specific cases, but we may add that the case of Wykoff v. Wheeler & Co., 38 Okl. 771, 135 P. 399, is squarely in point upon the proposition that when, by statute, a bond is required of a school-book contractor, this bond to be approved by the Governor, there is no completed contract and nothing which the book company can enforce unless and until the Governor approve the bond. To the same effect, in principle, is McRae v. Farquhar & Albright Co., 168 Ark. 38, 269 S. W. 375.

Affirmed.