Delta Democrat Publishing Co. *v.* Board of Public Contracts, et al.

No. 39966 July 15, 1955 81 So. 2d 715

J. *Robertshaw*, Greenville, for appellant.

*Lester Franklin, Jr.,* Asst. Atty. Gen., Jackson, for appellees.

Gillespie, J.

The Delta Democrat Publishing Company, a bona fide resident corporation, appellant, filed a petition seeking a writ of mandamus against the Board of Public Contracts commanding the latter to execute a contract with the appellant for printing and binding the sheet acts and session laws of the legislature during the years 1955 and 1956, designated by the Board as Class 3 contracts. The Board filed a demurrer, which the circuit court sustained, and dismissed the petition. The question here presented is whether the petition stated a cause of action for the issuance of the writ. We state the essential allegations of the petition.

On January 5, 1955, the Board met to consider bids for printing and binding the sheet acts and session laws for the two years in question. Appellant was low bidder, and there was only one other bid. The Board rejected both bids and ordered a re-advertisement for bids, and

that such advertisement provide that all printing and binding to be done by Mississippi labor in this State. Appellant called attention of the Board to a prior ruling of the attorney general that the binding might be subcontracted to any locality, and that the law did not require that the binding be done in this State. No action was taken on this notification made by letter to the Board from appellant. The Board had already rejected all bids. On March 10, 1955, the Board again advertised for bids. Neither the specifications mentioned in the notice nor the notice contained the requirement that the binding be done by Mississippi labor in this State. It stated that bids were conditioned upon the bidder making a contract and performance bond, and that the bids be made as set out in the applicable statutes. Appellant and one other were the only bidders, and appellant was the low bidder.

The Board met on April 4, 1955 and reviewed the bids and awarded appellant the contract for the printing and binding, subject to appellant executing contract therefor and subject to the furnishing by appellant of a proper bond satisfactory to the Board, conditioned as set forth in the said contract. At the latter meeting, the Board ordered that contracts for printing and binding should be done by Mississippi labor in this State "as required by Section 8964, Mississippi Code of 1942," and to stipulate a penalty of twenty-five percent of the contract price of both printing and binding for any breach of this condition. The Board tendered appellant a contract providing that all work done under the contract, "including printing and binding," be done by Mississippi labor in this State. The quoted words were stricken from the contract by appellant, after which it executed the contract and forwarded it to the Board. The Board met on May 2, 1955 and rejected the contract as changed by appellant, rejected the other bid as excessive, and directed a readvertisement for bids, and the Board is threatening to

award a portion of the work covered by the contract to some third party.

Section 107 of the Mississippi Constitution is as follows: "All stationery, printing, paper, and fuel, used by the legislature, and other departments of the government, shall be furnished, and the printing and binding of the laws, journals, department reports, and other printing and binding, and the repairing and furnishing the halls and rooms used for the meeting of the legislature and its committees, shall be performed under contract, to be given to the lowest responsible bidder, below such maximum and under such regulations as may be prescribed by law. No member of the legislature or officer of any department shall be in any way interested in such contract, and all such contracts shall be subject to the approval of the governor and state treasurer."

Section 8961, Code of 1942, creates the Board of Public Contracts and designates the members and officers thereof. Section 8962 provides for the meetings and the number required for a quorum. Section 8963 provides that the Board shall have the sole power and authority, with the approval of the governor and treasurer, to make all contracts for printing and binding to be done for the various state departments. Section 8964 provides in part that *"all such contracts,* which from their nature can be so made, shall be let to the lowest responsible bidder who is a bona fide resident of this State, owning or leasing a printing plant therein and actually engaged in the printing business, *and the work done by Mississippi labor in this State,* who by sealed proposal, will comply with the terms." (Emphasis added). This last section provides that the Board may reject any and all bids.

██ █ The first question we should answer is whether mandamus would lie in this case regardless of whether the statute requires the binding to be done by Mississippi labor in this State. Until the contract is made and has the approval of the governor and treasurer, the appellant has no completed right of action; for until those

things are accomplished the most that appellant could have would be an inchoate right — an insufficient basis for legal relief. The action of the Board in awarding appellant the contract subject to the furnishing of a bond and contract was a mere step in the procedure of making a public contract. This award was conditional. No contract was created thereby. Appellant had no completed contract, no enforceable right, and no standing in mandamus. American Book Company v. Vandiver, 181 Miss. 518, 178 So. 598. Since the Constituttion and the statute require the contract to be approved by the governor and the treasurer, appellant acquired no vested right until the contract was approved by those officials. The petition shows that there has been no approval by the governor and the treasurer. If it should be conceded that appellant had a completed contract other than the approval of the governor and the treasurer, mandamus would not lie in this case because without the approval of those officials there can be no complete contract. This is an absolute requirement of both the constitution and the statute. Cf. American Book Company v. Vandiver, supra.

 The petition failed to allege any actionable right for the further reason that it affirmatively shows that appellant was unwilling to enter into a contract requiring the binding to be done by Mississippi labor in this State. Instead of signing the contract containing such requirement, the appellant deleted this requirement from the contract. The contention of the parties requires an interpretation of the statutes as to whether the Board had authority to require the binding be done by Mississippi labor in this State. The petition shows that there are three binderies in this State. Of these three, one performs no custom work and binds only work produced in its printing plant. The second is owned by the other bidder on the contract in question, the high bidder. The third has no substantial printing facilities. But it should be noted that there are three binderies in the State where

the work could be done either under a contract or a subcontract.

 It is the manifest duty of the Board under Code Section 8964 to require the work on "all such contracts" be done by Mississippi labor in this State if from the nature thereof it can be so done. The statute does not limit this requirement to the printing. Code Section 8964 is but one of several sections dealing with the printing and binding contracts. Section 8963, investing in the Board the sole power and authority to make certain contracts for the State, refers to printing and binding contracts, and contracts for various other services. Then follows Section 8964 which begins with the words, "All such contracts, which from their nature can be so made . . ." Then follow certain requirements relating to the residence and the plant facilities of the bidder, followed by the provision that "all work to be done by Mississippi labor in this State." To hold that binding is not included in the work to be done under the contract would be to write into the statute words not therein contained The Board is the agency vested with the duty to determine whether from the nature of the contract the printing and binding could be done by Mississippi labor in this State. The petition does not allege that the nature of binding is such that it can not be performed by Mississippi labor in this State. The action of the Board in demanding the contract require the printing and binding be done by Mississippi labor in this State was reasonable, and fully in accord with the legislative mandate. When appellant refused to enter into a contract containing such requirement, the Board properly rejected its bid and re-advertised for other bids.

 It was held in the case of Dixon-Paul Printing Co. v. Board of Public Contracts, 117 Miss. 83, 77 So. 908, that it was not violative of Section 107 of the Mississippi Constitution for the legislature to exclude non-residents from bidding on state printing contracts. By the same reasoning the legislature may require work on state con-

tracts to be done by Mississippi labor in this State where from the nature of the contract it can be so done. The same considerations of public policy which prompted the legislature to protect the interest of resident printing establishments, no doubt prompted it to protect the interests of Mississippi labor.

 The petition in this case alleges that if we refuse to order the writ prayed for the State will lose a substantial sum of money. Assuming this to be true, we cannot create a right in appellant where no right exists. This Court has no constitutional authority to perform any executive or legislative functions. Under the constitution and the legislative acts, the Board is vested with sole power and authority to enter into these contracts subject to approval of the governor and treasurer.

 The previous ruling of the attorney general that the binding could be done in any locality is immaterial.

We pretermit discussion of other reasons for denying the writ urged upon the Court by appellee. The foregoing reasons are sufficient to dispose of the case.

Affirmed.

All justices concur.