192 So.2d 275 (1966)
Henry BUCKLEW
v.
STATE of Mississippi.
Misc. No. 26.
Supreme Court of Mississippi.
November 21, 1966.
L. Percy Quinn, Laurel, Noel W. Buckley, Jackson, L.A. Gily, Jr., Laurel, for appellant.
William M. Deavours, Laurel, Joe T. Patterson, Atty. Gen., by W.D. Coleman, Asst. Atty. Gen., Jackson, for appellee.

ON MOTION FOR STAY OF REMOVAL FROM OFFICE PENDING APPEAL
ETHRIDGE, Chief Justice.
Henry Bucklew, movant, was convicted of attempting to embezzle funds of the City of Laurel. Miss. Code Ann. § 2122 (1956). He was fined $816.05, and the judgment of the Circuit Court of Jones County ordered his removal from the office of mayor, and declared that office vacant. This part of the judgment was based upon Mississippi Constitution section 175, and Mississippi Code Annotated, section 4053 (1956), which provide, respectively:
Section 175. All public officers, for wilful neglect of duty or misdemeanor in office, shall be liable to presentment or indictment by a grand jury; and, upon conviction, shall be removed from office, and otherwise punished as may be prescribed by law.
Section 4053. Removals from office. If any public officer, state, district, county, or municipal, shall be convicted of misconduct or misdemeanor in office, or of any felony * * * the court, in addition to such other punishment as may be prescribed, shall adjudge the defendant removed from office, and the office of the defendant shall thereby become vacant.
On motion for new trial, the circuit court refused to supersede the removal from office. Bucklew filed a cost bond and appearance bond, superseding the fine pending appeal. The case on the merits has been properly appealed.
*276 The day after the sentence, the governing authorities of the city adopted a resolution declaring the office of mayor to be vacant, appointing an interim mayor until a successor is elected and qualified, and ordering a special election to be held January 17, 1967. A commission has been issued by the Governor to the interim mayor, who has been duly installed.
Bucklew filed in this Court a motion for "remedial relief," asserting that, since he perfected an appeal with supersedeas, the stay should operate also as a supersedeas of his removal from office pending appeal. The State and the City of Laurel oppose the motion.
The question is whether a pending appeal from Bucklew's conviction and removal from office, under the Constitution and statute, has the effect of superseding his removal from office. We do not think it does. Constitution section 175, without qualification, provides that "upon conviction," the public officer "shall be removed from office." Code section 4053 directs the trial court, in addition to any other prescribed punishment, to "adjudge the defendant removed from office, and the office of the defendant shall thereby become vacant." Here again there is no stated limitation resulting from an appeal.
Movant argues that his removal from office is an inseparable part of the entire judgment rendered by the trial court, and, considering that judgment as an entirety, the removal is suspended. Cited as authority for this proposition is Mississippi Code Annotated section 1175 (1956). However, Constitution section 175 and the statute are self-executing. They do not contain provisions for suspension of the removal pending appeal. The general rule in other jurisdictions is stated in 43 Am.Jur. Public Officers section 200 (1942):
The mere fact that a person who has been convicted may, by means of an appeal, ultimately succeed in establishing his innocence does not necessarily entitle him in the meantime to hold the office.
This is in accord with the overwhelming weight of authority elsewhere. Annot., 71 A.L.R.2d 593, 599-605 (1960). The conviction of appellant caused an immediate vacancy, despite the appeal. Removal of a public officer from office does not constitute part of the judgment of conviction. It is a consequence imposed in the interest of the public and of sound government. It would be against the public interest to retain in office, pending an appeal, one who, upon a verdict of guilty and judgment by the court, is no longer presumed to be innocent. The presumption of innocence disappears with the conviction, even though the officer may ultimately succeed in establishing his innocence. Certainly confidence in an elective official is destroyed when he is convicted of a crime. Public office is a trust, and respect for the law and confidence in public officers must be founded upon their integrity. No doubt these were some of the reasons for the enactment of Constitution section 175 and for the decisions denying supersedeas of a removal order. They are sound. Bucklew's motion for remedial relief and for a stay of the removal order is overruled.
Neither the City of Laurel nor the incumbent mayor are parties to this criminal proceeding. Quo warranto is the proper method for contesting the right to a public office, but, in order to settle this question of public importance, we have dealt with the instant motion on the issue it presented.
Motion for stay of removal order overruled.
GILLESPIE, P.J., and INZER, SMITH and ROBERTSON, JJ., concur.