ON MOTIONS TO ADVANCE APPEALS, TO VACATE REMOVAL FROM OFFICE, AND TO STAY ELECTION PENDING DECISION OF APPEALS
ETHRIDGE, Chief Justice:
James Jolliff, Jr., appellant, was elected Supervisor of Beat 1 of Wilkinson County and took office in January 1968. In March 1968, he was tried and convicted of obstruction of justice, a felony, in the Circuit Court of Wilkinson County. Miss. Code 1942 Ann. § 2294 (Supp.1966). As required by Code section 4053, the judgment of the circuit court also removed Jolliff from the office of supervisor. Miss. Code 1942 Ann. § 4053. Jolliff has appealed from this conviction in cause No. 45,-155 (formerly Misc. No. 56), and has moved this Court to vacate his removal from office, or to stay removal pending appeal, and to advance the appeal.
After Jolliff’s conviction, the Board of Supervisors of Wilkinson County appointed an interim supervisor for Beat 1 to fill the vacancy created by appellant’s removal from *48 office until an election could be held. On April 1, 1968, the Wilkinson County Board of Election Commissioners, appellee, issued a notice of special election to be held on May 28, 1968, to fill the office of Supervisor of Beat 1 for the remainder of appellant’s term of office. On April 4, 1968, Jolliff submitted to the County Board of Election Commissioners a nominating petition allegedly signed by 324 qualified electors of Beat 1.
On April 5, 1968, the election commissioners advised Jolliff that, because of his conviction of a felony, he was not qualified to run as a candidate in the May 28, 1968, election, and that his name would not be placed on the ballot for that election. Jol-liff filed a bill of exceptions, and took an appeal to the Circuit Court of Wilkinson County, which affirmed the decision of the election commissioners. From the circuit court’s judgment, Jolliff has appealed to this Court in Cause No. 45,154.
In view of the mandatory terms of the constitution and statute, this Court will not stay a removal from office pending appeal, where the office holder has been convicted of a felony. Miss.Const. § 175 (1890); Miss. Code 1942 Ann. § 4053 (1956); Bucklew v. State, 192 So.2d 275 (Miss.1966). However, an issue in the instant appeals, the right to the office, cannot be kept in status quo, if there should be during the period of appeal a new election for the unexpired term and installation of a successor officer. Cf. Bucklew v. State, 206 So.2d 200 (Miss.1968).
In the instant cases, the Board of Supervisors has appointed an interim supervisor for Beat 1 of Wilkinson County to fill the vacancy created by appellant’s removal from office until an election can be held. If the called election is held on May 28, 1968, to fill the office, the appellate jurisdiction of this Court will be frustrated if the conviction is reversed, or if this Court should decide in No. 45,154 that Jolliff is entitled to be on the ballot for a special election. We do not consider these issues at this time. This Court cannot reach these two cases before the date of the special election called for May 28, 1968, because of other cases of equal importance already on its May docket.
For these reasons, No. 45,154, Jolliff v. Wilkinson County Board of Election Commissioners, and No. 45,155, Jolliff v. State of Mississippi, are hereby advanced and set for hearing in the second week of September 1968.
In aid of the appellate jurisdiction of this Court, and upon Jolliff making a bond in the amount of $1,000, to be approved by the Clerk of this Court, a temporary writ of injunction will be issued to the Wilkinson County Board of Election Commissioners and its individual members restraining and prohibiting them from holding the special election set for May 28, 1968, or any other special election, to fill the office of Supervisor, Beat 1 of Wilkinson County for the remainder of appellant’s term of office, pending the appeals of both of these cases to this Court and until a final judgment is rendered by this Court in both cases. This Court retains jurisdiction of the injunction until final judgments are rendered by this Court in both cases.
Causes No. 45,154 and No. 45,155 are advanced and set for hearing the second week in September 1968; upon appellant making required bond, temporary injunction will be issued restraining and prohibiting Wilkinson -County Board of Election Commissioners from holding of special election on May 28, 1968, and any other special election for the post in question, pending decisions of both cases on merits.
All Justices concur.