PATTERSON, Justice.
This is an appeal from the Circuit Court of Wilkinson County wherein a claim by the appellee, James Jolliff, Jr., was allowed against the appellant, the Wilkinson County Board of Supervisors, for the salary which he would have received, plus interest, had he not been removed from office as a supervisor of District One of that county.
James Jolliff, Jr., was elected supervisor of District One, Wilkinson County, and entered office in January 1968. On March 22, 1968, he was convicted of obstruction of justice, a felony. The circuit court in its sentence of judgment also removed Jolliff from the office of supervisor in accord with Mississippi Constitution section 175 (1890) and Mississippi Code 1942 Annotated section 4053 (1956), which provides for the removal from office of any public official upon conviction of a crime.
Jolliff appealed to this Court from his conviction and urged the Court to reverse his conviction and reinstate him to office, to stay the removal pending appeal, and to advance the appeal.
After Jolliff’s conviction, the Board of Supervisors of the county appointed an interim supervisor to fill the vacancy created by appellee’s removal from office until an election could be held. In April 1968 the Wilkinson County Board of Election Commissioners issued notice of a special election to fill the vacancy for the remainder of Jolliff’s term of office and Jolliff attempted to qualify as a candidate in that election. The election commission ruled, however, that he was disqualified due to his criminal conviction and refused to place his name on the ballot. Jolliff appealed to the circuit court of the district which affirmed the ruling of the election commission. He then appealed to this Court.
In Jolliff v. State, 210 So.2d 47 (Miss.1968) we declined to stay Jolliff’s removal from office in view of the mandatory terms of Mississippi Constitution section 175 (1890) and Mississippi Code 1942 Anno *62 tated section 4053 (1956). We did, however, stay the special election and advance Jolliff’s appeals on the docket. The interim appointee fulfilled the duty of his office until November 13, 1968.
Subsequently, Jolliff’s conviction was reversed. He was acquitted and reinstated to the office of Supervisor of the First Supervisor’s District of Wilkinson County as of November 13, 1968. Jolliff v. State, 215 So.2d 234 (Miss.1968).
On January 22, 1969, pursuant to Mississippi Code 1942 Annotated section 2932 (1956), Jolliff filed a claim with the board of supervisors for the salary he would have received as a supervisor had he not been removed, plus interest. On February 3, 1969, the board of supervisors denied the claim and Jolliff appealed to the Circuit Court of Wilkinson County. On March 17, 1969, the circuit court reversed the decision of the board of supervisors and ordered the claim paid. The board of supervisors appeals to this Court from that decision.
The primary issue before the Court is whether a public official who has been removed from office by a court of law and who thereafter establishes legal right to the office, is entitled to recover the emoluments of the office for the interlude.
The basis of appellant’s argument is that since this Court refused to stay the removal of Jolliff from office by its opinion of May 6, 1968, and reinstated him as of November 13, 1968, no salary was due and owing to claimant during the period of removal, and the judgment of the circuit court awarding the claim should be reversed. In support of its position the appellant cites Jolliff v. State, 210 So.2d 47 (Miss.1968) and Bucklew v. State, 192 So.2d 275 (Miss.1966), both of which held that an official removed from office upon criminal conviction was not entitled to a stay of the removal pending appeal.
The appellee contends that he was the de jure officer during the interim and that according to the weight of authorities he should be awarded his salary therefor. In support of these contentions, the appellee cites La Belle v. Hazard, 91 R.I. 42, 160 A.2d 723 (1960), wherein a public official brought suit to recover his salary for the time he was wrongfully removed from office. There the court stated:
It is the opinion of this court' that where the governmental body is responsible for the situation giving rise to the dispute to office, where it has notice that such a dispute exists, and where the de jure officer in no way acquiesced in his removal from office, he is entitled to the salary of the office regardless of whether a de facto officer has already been paid by the governmental body. The salary of a public official is an incident to the office, and the legal right to receive or enforce the payment thereof goes with the legal title thereto. Andrews v. City of Portland, [79 Me. 484, 10 A. 458,] supra; 55 A.L.R. 997, 1004. (160 A.2d at 725)
The appellee also relies upon the case of Board of County Commissioners of Oklahoma County v. Litton, 315 P.2d 239, 64 A.L.R.2d 1365 (Okl.1957). In this case a county commissioner was convicted of a crime and by operation of a statute similar to the one here involved was removed from office. The supreme court of that state reversed the conviction and the ousted commissioner subsequently filed an action to recover the salary he would have received, plus interest. The court held that his removal was not intended to take effect as a forfeiture until his conviction became final and conclusive, and in the event of appeal, not conclusive until the final determination of that appeal. Since the conviction was reversed, the court held that the commissioner did not lose title to his office or forfeit his right thereto and was therefore entitled to the salary he would otherwise have earned.
Though appellant’s contentions are not without merit, we are of the opinion that the denial of salary to a public official who *63 has been convicted of a crime, but acquitted and reinstated on appeal, is harsh. Being mindful of the conflict of authorities on this issue and being without benefit of legal precedent from our own Court, we conclude that the proper result was reached in LaBelle, supra, and Board of County Commissioners of Oklahoma County, supra, and they are decisive here.
The judgment of the circuit court should be and is hereby affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, INZER, and ROBERTSON, JJ., concur.