COLLINS et ux. *v.* GENERAL ELECTRIC COMPANY, ETC.

No. 41560 October 24, 1960 123 So. 2d 609

*John C. McLaurin,* Brandon, *Satterfield, Shell, Williams & Buford,* Jackson, for appellants.

*Byrd, Wise & Smith,* Jackson, for appellee.

HOLMES, J.

This is an appeal by C. L. Collins and his wife, Mrs. Elaine Finch Collins, from an adverse judgment rendered on January 20, 1959, in the Circuit Court of Rankin County in a garnishment proceeding. During the year 1953 and for a time prior thereto, C. L. Collins owned and operated a furniture and appliance business under the trade name "Collins Appliance and Furniture Company." In the operation of that business he became indebted to General Electric Supply Company in the sum of $3,007.45 for certain goods, wares, and merchandise sold to him on open account by the General Electric Supply Company. On December 28, 1953, the General Electric Distributing Corporation filed its declaration on open account in the Circuit Court of Rankin County against C. L. Collins, d/b/a Collins Appliance and Furniture Company. The first paragraph of the declaration read as follows:

"Comes now General Electric Supply Company, a division of General Electric Distributing Corporation, a corporation organized and existing under and by vir-

tue of the laws of the State of Delaware, by its attorneys, Byrd, Wise and Smith, and brings this its action against C. L. Collins, d/b/a Collins Appliance and Furniture Company, and for cause of action would show unto the court the following facts towit:''

The prayer of the declaration was in the following words: ''Whereupon premises considered, the plaintiff, General Electric Supply Company, brings this its action against C. L. Collins, d/b/a Collins Appliance and Furniture Company, and asks that proper process of this court be issued requiring the defendant to appear and plead at the next term of this court and that upon a hearing hereof a judgment be awarded against the said defendant in favor of the said plaintiff in the amount of $3,007.45, together with legal interest and all costs of this action.''

The defendant on his motion was allowed additional time to plead and on February 10, 1954, he filed his answer wherein he admitted the indebtedness but alleged that he was entitled to certain credits on the account. The cause was set for trial at the July 1954 term of court. After the trial of the case was begun, the defendant filed a motion to dismiss the suit on the ground that General Electric Supply Company was not a domestic corporation or a foreign corporation authorized to do business in the State of Mississippi. This motion was overruled and the trial of the case resulted in a judgment in favor of the plaintiff and against the defendant in the total sum of $3,102.80. This judgment was duly entered and enrolled on the judgment rolls of Rankin County. On January 26, 1955, the defendant filed a homestead declaration claiming as his homestead the property occupied by the defendant and his wife, located about four miles south of Florence, Mississippi. The defendant also by instrument duly executed conveyed his homestead to his wife, Mrs. Elaine Finch Collins, together with all of his exempt property. Thereafter, on July 15, 1958,

the plaintiff filed a suggestion for writ of garnishment to be served on the Deposit Guaranty Bank & Trust Company of Jackson, Mississippi, seeking to bind in the hands of the bank for the benefit of the plaintiff any funds or effects in the hands of the bank belonging to the defendant, C. L. Collins.

On or about September 29, 1958, the Deposit Guaranty Bank & Trust Company filed its answer wherein it admitted that it was indebted to the defendant in the sum of $541.89 by virtue of an account in its bank styled "Mr. or Mrs. C. L. Collins." On December 10, 1958, Mrs. Elaine Finch Collins, who is the same person as Mrs. C. L. Collins and who is the wife of C. L. Collins, filed a petition in the cause claiming the funds on deposit in the Deposit Guaranty Bank & Trust Company in the sum of $541.89 by virtue of the account standing in the name of Mr. or Mrs. C. L. Collins. On the same date, the defendant, C. L. Collins, filed his answer wherein he denied that the funds in question were his and averred that they belonged to his wife. Both the claimant, Mrs. Elaine Finch Collins, and the defendant, C. L. Collins, set forth in their respective pleadings that the garnishment was wrongfully sued out, and was recklessly and wantonly sued out, and both claimed damages against the plaintiff for the alleged wrongful suing out of said garnishment. The case was submitted to the jury under instructions which left to the determination of the jury the question as to whether or not the funds were the property of Mrs. Collins or Mr. Collins, and also left to the determination of the jury whether or not the defendant, C. L. Collins, was entitled to damages accruing to him as the result of the alleged reckless and wanton suing out of the writ of garnishment. The plaintiff obtained a peremptory instruction in its favor on the claim of damages asserted by the claimant, Mrs. Elaine Finch Collins.

The proof showed that C. L. Collins operated a furniture and appliance business under the name, "Collins

Appliance and Furniture Company," and that Mrs. Collins operated an upholstering business conducted at the homestead of the parties. Four witnesses testified in the defendant's behalf, namely, Mrs. C. L. Collins, Mr. C. L. Collins, Mr. George Runnels, and Mr. John H. Crapps. One witness testified in behalf of the plaintiff, namely, John Weisz, who was Assistant Cashier of the Deposit Guaranty Bank & Trust Company in charge of operations. Both Mr. Collins and Mrs. Collins testified that the funds in question belonged to Mrs. Collins and that the credit balance of $541.89 appearing on the account styled "Mr. or Mrs. C. L. Collins" was the balance of two deposits which had theretofore been made in the bank and credited to the account appearing in the name of Mr. or Mrs. C. L. Collins. One of these deposits was in the sum of $1042.50, deposited July 3, 1958, and the other deposit was in the sum of $260.00, deposited July 17, 1958. They testified that the deposit of $1042.50 was the amount collected by Mrs. Collins as the proceeds of Fire insurance covering household furniture, clothing, etc., and belonging to Mrs. Collins. They further testified that the deposit of $260 represented collections made by Mrs. Collins in the operation of her upholstering business. Both Mr. and Mrs. Collins testified that the upholstering business was the business of Mrs. Collins and that Mr. Collins had no interest therein.

 █ The witness, George Runnels and John H. Crapps both testified that they were employees of Mrs. Collins in her upholstering business and that the business was owned and operated by Mrs. Collins and that Mrs. Collins paid them their wages. There was other testimony on behalf of Mr. and Mrs. Collins touching upon the claim of Mrs. Collins and of Mr. Collins for damages for the alleged wrongful suing out of the writ of garnishment, but we do not detail the same for the reason that we are of the opinion that neither Mr. Collins nor Mrs. Collins were entitled to damages on the

grounds of the claimed reckless and wanton suing out of the writ of garnishment.

Mr. Weisz testified on behalf of the plaintiff and identified two ledger accounts in his bank, one appearing in the name of C. L. Collins and the other appearing in the name of Mr. or Mrs. C. L. Collins, the latter being the account showing the funds here involved. Mr. Weisz also identified two deposit slips covering deposits made in the Deposit Guaranty Bank & Trust Company, one dated July 3, 1958, and made out in the name of C. L. Collins in the amount of $1,042.50, and the other bearing date of July 17, 1958, appearing in the name of C. L. Collins and in the amount of $260.00.

Mr. Collins testified that these funds shown on the two deposit slips were the funds of his wife and that he had no interest in the same. He further testified that he assisted his wife in the operation of her business and that he drew checks on his wife's funds in bank. He further testified that at the time the deposits in question were made he informed the bank that the amounts being deposited represented funds belonging to his wife and he named two of the bank's employees to whom he conveyed this information at the time the deposits were made. No witness appeared or was called in behalf of the plaintiff to deny this statement of Mr. Collins that the bank was informed at the time the deposits were made that the funds belonged to Mrs. Collins, and there is no evidence to contradict this testimony of Mr. Collins except by inference derived from the fact that the account in bank stood in the name of Mr. or Mrs. C. L. Collins and that the deposit slips representing the aforesaid two deposits were made out in the name of Mr. Collins.

Three questions are presented on this appeal: (1) Whether or not the original judgment against C. L. Collins on which the writ of garnishment was issued was void; (2) Whether or not the funds involved belong-

ed to Mrs. Collins or Mr. Collins, and (3) whether or not Mr. Collins was entitled to claim $250.00 of the funds in the event it should be found that the funds belonged to him as an exemption of personal property under Section 318 of the Mississippi Code of 1942.

It is to be noted that in the declaration in this case the plaintiff was designated as ''General Electric Supply Company, a Division of General Electric Distributing Corporation, a corporation organized and existing under the laws of the State of Delaware, etc.'' It is the contention of the appellants that the original judgment upon which the writ of garnishment was issued was null and void for the reason that there was no legal entity as plaintiff or as the judgment creditor. The appellants rely upon the rule that in every action there must be a real plaintiff who is a person in law and who is possessed of a legal entity and capacity to sue. We recognize this rule. In 67 C.J.S., Parties, Section 4, page 896, appears the following:

''In every action there must be a real plaintiff who is a person in law and is possessed of a legal entity or existence as a natural, artificial, or quasi-artificial person, and a suit brought in the name of that which is not a legal entity is a mere nullity.''

■■ ■ We think, however, that the facts of this case do not warrant the application of the aforesaid rule. It is apparent from the declaration filed in the original suit that the plaintiff was the General Electric Distributing Corporation, and was doing business in the area of Jackson, Mississippi, in the trade name of General Electric Supply Company. The designation of General Electric Supply Company as a division of General Electric Distributing Corporation was no more than a designation of a trade name under which the General Electric Distributing Corporation was operated.

In 67 C.J.S., Parties, page 897, appears the following: ''. . . . it has also been held that an individual who

is doing business in a trade-name may maintain an action in such trade-name, especially where the suit relates to the business conducted in that name, provided the trade-name is not made a cover or means of fraud, and provided a judgment in the action would be binding on the real party suing in such business or trade-name.''

Of course there is no evidence in this record that the trade-name was used to cover fraud. The real party, General Electric Distributing Corporation, was alleged in the declaration to be a corporation organized and existing under the laws of the State of Delaware. We can attribute no other interpretation to the language of the declaration, ''General Electric Supply Company, a Division of General Electric Distributing Corporation,'' than that this was a designation as plaintiff of the corporation doing business under the name of General Electric Supply Company. We therefore find no merit in this contention.

It is next contended by the appellants that the proof shows without dispute that the funds in question belonged to Mrs. Collins. Both Mr. Collins and Mrs. Collins testified to this effect. They described the nature of the funds as being the proceeds of insurance collected as the result of a fire loss on personal property which wholly belonged to Mrs. Collins, and funds representing collections in Mrs. Collins' upholstering business. No witness testified to the contrary. The evidence in behalf of the plaintiff as to the ownership of the funds amounts to no more than inferences and conjecture. No witness attempts to contradict the claim of Mr. and Mrs. Collins that the ledger deposit of $1,042.50 represented the proceeds of insurance which was collected on Mrs. Collins' property, and that said funds belonged to her. Nor does any witness contradict the testimony of Mr. and Mrs. Collins that the deposit in the amount of $260.00 represented collections made by Mrs. Collins in her upholstering business and belonged to Mrs. Collins. Their

testimony, therefore, stands uncontradicted and unimpeached. The court is not warranted in arbitrarily or capriciously disregarding or rejecting it. ██ █ The rule is announced in Lucedale Veneer Co. v. Rogers, 211 Miss. 615, 53 So. 2d 69, as follows:

"The rule . . . , . is that uncontradicted or undisputed evidence should ordinarily be taken as true by the triers of the facts; that is to say, evidence which is not contradicted by positive testimony or circumstances and is not inherently improbable, incredible or unreasonable cannot be arbitrarily, or capriciously discredited, disregarded or rejected even though the witness is a party interested; and unless shown to be untrustworthy is to be taken as conclusive and binding on the triers of fact." See also Tombigbee Electric Power Assn. v. Gandy, 216 Miss. 444, 62 So. 2d 567; Hulitt, et al v. Jones, 220 Miss. 827, 72 So. 2d 204; Shivers v. Biloxi-Gulfport Daily Herald, 110 So. 2d 359.

We find nothing unreasonable or improbable or incredible in the undisputed testimony in this record with regard to the ownership of the funds in question. We are accordingly of the opinion that the request of the claimant, Mrs. C. L. Collins, for a peremptory instruction in her favor should have been granted. This conclusion, of course, disposes of the question of the right of Mr. Collins to claim as exempt property a part of the funds involved.

In view of the conclusions reached, we are of the opinion that the judgment of the court below should be reversed and judgment entered here in favor of Mrs. Collins for the funds involved and the writ of garnishment dismissed, and all claims for damages by Mr. Collins and Mrs. Collins should be denied in view of the absence of any evidence as to wilfulness or wantoness in suing out the garnishment writ. The costs of court will be taxed against the appellee.

Reversed and judgment here in favor of appellant, Mrs. Elaine Finch Collins, for the funds in question.

*Hall, P.J.,* and *Lee, Kyle* and *McElroy, JJ.,* concur.