# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-00939-SCT

*THE HOTBOXXX, LLC*

*v.*

*CITY OF GULFPORT, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/28/2013 |
| TRIAL JUDGE: | HON. SANFORD R. STECKLER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | BLEWETT W. THOMAS |
| ATTORNEY FOR APPELLEE: | JEFFREY S. BRUNI |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.

### COLEMAN, JUSTICE, FOR THE COURT:

¶1.     At issue in the instant dispute is whether The Hotboxxx, LLC, has standing to bring suit challenging the constitutionality of a zoning ordinance passed by the City of Gulfport. Hotboxxx claims that the chancery court erred by finding it had submitted an invalid privilege license application and that, regardless of the invalid license application, it has standing to sue. The City of Gulfport maintains that the application was incomplete and invalid; therefore, Hotboxxx does not have standing. Because Hotboxxx did not properly file an application and because Hotboxxx's commercial property lease was therefore void, we hold that Hotboxxx indeed lacks standing. Thus, we affirm the judgment of the Harrison

County Chancery Court that Hotboxxx's application was incomplete and invalid and that it had no standing.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On September 17, 2009, Barry Artz, co-owner of The Hotboxxx, LLC (previously A & P Enterprises, LLC) filed a business privilege license application with the City of Gulfport for the operation of an adult entertainment retailer. At the time, Artz already had signed a lease for commercial office space located at 1820 Pass Road in Gulfport, Mississippi, and Hotboxxx had generated a business plan. On October 7, 2009, Artz was informed that the Hotboxxx application had been forwarded to the city attorney. On December 1, 2009, Artz received a letter from the city attorney stating that, in preparation for new regulations concerning adult businesses, the city counsel would consider a moratorium on issuing privilege license applications. Subsequently, in January 2010, without accepting or rejecting the Hotboxxx application, the city placed a six-month moratorium on issuing privilege licenses. On June 22, 2010, the city passed Ordinance Case # 1006PC088 (hereinafter the Ordinance), which contained zoning regulations restricting the areas of town in which adult businesses could be located. The new zoning regulations prevented Hotboxxx from opening its adult business at the location where it had obtained a lease.

¶3.     On August 16, 2010, Hotboxxx filed a complaint in Harrison County Chancery Court claiming that the ordinance was unconstitutional. The City of Gulfport removed the case to the Federal District Court for the Southern District of Mississippi and filed a motion for dismissal under Federal Rule of Civil Procedure 56, claiming that Hotboxxx had failed to submit a completed application and therefore lacked standing to sue. Hotboxxx then filed

2

an amended complaint, contending it had standing to sue because, under the Mississippi standard for standing, it had a colorable interest. On January 26, 2011, the district court dismissed the case for lack of standing. The district court dismissed the case without prejudice, finding that, under the federal standing requirements, Hotboxxx's claim was "speculative and hypothetical" because it was undisputed that the application was not complete.

¶4. On February 1, 2011, Hotboxxx filed a new complaint in Harrison County Chancery Court, citing the same issues presented in the first suit. Gulfport then filed a Motion to Dismiss, noting that the case previously had been dismissed by the district court for lack of standing, precluding Hotboxxx from bringing the claims again under the principle of *res judicata*. Hotboxxx responded to the Motion to Dismiss, claiming that dismissal without prejudice did not preclude a second suit and that standing requirements are different for Mississippi. Additionally, Hotboxxx claimed that Gulfport has a ministerial duty to advise the applicant of any omissions in its application.

¶5. Without a formal hearing on the matter, on July 9, 2012, the chancery court issued Findings of Fact and Conclusions of Law. First, it stated that the application was incomplete, as determined by the district court. Second, under *res judicata*, it determined the instant case was different from the one originally filed, "but all the material issues that this Court must address have already been addressed by the Federal District Court." Hotboxxx filed a Motion to Vacate the Findings of Fact, advancing four issues. Hotboxxx claimed the following: the issue of a valid application was contested and not subject to summary judgment, *res judicata* did not apply, Hotboxxx has standing, and even despite *res judicata*,

Hotboxxx is not barred from pleading a new federal civil rights claim. Finding merit in Hotboxxx's motion, the chancery court then bifurcated the trial, stating that there was a need to hear first the issue of whether Hotboxxx had submitted a valid privilege license application.

¶6.     At the hearing from February 25, 2013, to February 26, 2013, Artz claimed that, when he submitted his application, he knew of a flow chart that indicated his license would be processed within a ten-day period. Artz also claimed that, when he submitted his application, he submitted the whole, complete application. Gulfport claimed that the application was not signed or notarized as required. Both parties disputed which version of the application – three versions existed – was actually submitted to the city. At the close of the hearing, the chancellor made a bench ruling that Exhibit 4 was the privilege application submitted to the city, and it was incomplete. Subsequently, on March 28, 2013, in his Final Judgment and Order of Dismissal with Prejudice under Rule 12 or Rule 56, the chancellor stated that an incomplete application had been submitted and that Hotboxxx had no standing to sue. He then re-adopted and incorporated his July 9, 2012, Findings of Fact and Conclusions of Law for any remaining issues. Hotboxxx appealed.

**STANDARD OF REVIEW**

¶7.     Findings of a chancellor will not be disturbed on review unless the chancellor was "manifestly wrong, clearly erroneous, or applied the wrong legal standard." *Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 166 (Miss. 2011) (quoting *Powell v. Campbell*, 912 So. 2d 978, 981 (Miss. 2005)). The Court will apply abuse of discretion when reviewing a chancellor's decision. *Mississippi Power Co v. Hanson*, 905 So. 2d 547, 549 (Miss. 2005)

(citing *McNeil v. Hester*, 753 So. 2d 1057, 1063 (Miss. 2000)). For questions of law, the Court will apply the de novo standard of review. *Id.*

**DISCUSSION**

¶8.     On appeal, Hotboxxx raises four issues:

> **(1) Whether the Harrison County Chancery Court committed reversible error when it adjudicated the issue of the Appellant's standing to challenge a Gulfport city ordinance solely on the basis of whether the Appellant had submitted a "valid license application" to the City of Gulfport.**

> **(2) Whether the Harrison County Chancery Court committed reversible error when it adjudicated that the Federal District Court's dismissal without prejudice of the Appellant's initial state court lawsuit was *res judicata* on the Appellant's second chancery court lawsuit.**

> **(3) Whether the Harrison County Chancery Court committed reversible error when it failed to adjudicate the City of Gulfport's Motion for Summary Judgment under the standards governing dismissal under Mississippi Civil Procedure Rule 56.**

> **(4) Assuming it was proper for the Harrison County Chancery Court to adjudicate that the Appellant's original claims were barred by *res judicata*, the chancery court committed reversible error when it failed to allow the Appellant to proceed on its subsequently discovered federal civil rights claims that were neither known nor asserted in the appellant's initial complaint.**

The first two issues brought by Hotboxxx on appeal are dispositive. The Court considers the second issue first because, if *res judicata* applies, the parties had no right to appeal the holding of the federal district court. Concluding *res judicata* does not apply, the Court then considers the issue of whether Hotboxxx submitted a valid application and whether, regardless of the validity of the application, Hotboxxx has standing. The Court holds that Hotboxxx's application is invalid, and, accordingly, Hotboxxx lacks standing.

5

**(2) Whether the Harrison County Chancery Court committed reversible error when it adjudicated that the Federal District Court's dismissal without prejudice of the Appellant's initial state court lawsuit was *res judicata* on the Appellant's second chancery court lawsuit.**

¶9. The City of Gulfport contends that the doctrine of *res judicata* prevents Hotboxxx from relitigating the issues because the same issues were litigated and adjudicated previously before the district court. Hotboxxx argues that *res judicata* does not apply because there exists neither an adjudication by a court of competent jurisdiction nor a decision on the merits.

¶10. *Res judicata* applies when there is a final judgment on the merits. The Court employs four identities to determine whether *res judicata* applies: "(1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made." ***Dunaway v. W.H. Hopper & Assocs., Inc.***, 422 So. 2d 749, 751 (Miss. 1982). If all four of the identities are present, *res judicata* applies. The Court consistently has held that dismissal without prejudice is not an adjudication on the merits, and therefore, *res judicata* does not apply. ***Boston v. Hartford Accident & Indem. Co.***, 822 So. 2d 239, 248-49 (Miss. 2002), *overruled on other grounds by* ***Capital City Ins. Co. v. G.B. "Boots" Smith Corp.***, 889 So. 2d 505 (Miss. 2004); ***Members of Democratic Executive Comm., Lauderdale County v. Hatcher***, 168 So. 2d 533, 535 (1964) ("The effect of the words 'without prejudice' is to prevent the decree of dismissal from operating as a bar to a subsequent suit.").

¶11. The district court dismissed the case between Hotboxxx and Gulfport, stating: "[T]he Court finds that [Hotboxxx] does not have standing to pursue a facial challenge of the

6

ordinance. Thus, the Court lacks jurisdiction . . . . As a result, the Court will dismiss [Hotboxxx's] claims without prejudice." (Emphasis added.) Thus, the federal court's dismissal does not bar Hotboxxx from refiling the case.

¶12. Further, the chancery court erred in its Findings of Fact and Conclusions of Law when it stated, "[A]ll material issues that this Court must address have already been addressed by the Federal District Court." Mississippi employs a different standard for standing than federal courts; therefore, the issue of standing must be determined under Mississippi's standard.

> **(1) Whether the Harrison County Chancery Court committed reversible error when it adjudicated the issue of the Appellant's standing to challenge a Gulfport city ordinance solely on the basis of whether the Appellant had submitted a "valid license application" to the City of Gulfport.**

¶13. Hotboxxx raises the issue of whether it lacks standing to challenge an ordinance solely on the basis of an invalid license application. Although Hotboxxx argues in its brief that the license application was valid, it does not directly bring the validity issue on appeal. For the sake of thoroughness, we first address the issue of whether the license application is invalid. Then we address the issue as stated in Hotboxxx's brief: whether Hotboxxx has standing even if the license application is invalid. We conclude that the license application was incomplete and therefore invalid and that Hotboxxx accordingly lacks standing.

> *A. Whether the license application is invalid.*

¶14. The Court will not interfere with the findings of a chancellor unless the findings were "manifestly wrong, clearly erroneous, or applied the wrong legal standard." *Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 166 (Miss. 2011) (quoting *Powell v. Campbell*,

7

912 So. 2d 978, 981 (Miss. 2005)). The Chancery Court of Harrison County stated in its Final Judgment that it had "considered [the] testimony of parties and other witnesses as well as documentary proof and evidence and argument of counsel" and, further, that it had "judged and weighed the credibility and veracity of the witnesses [and] documentary evidence submitted" to conclude that Hotboxxx had not submitted a valid and proper application. The Court upholds the chancery court's finding that the privilege license application was incomplete and invalid.

¶15.   On February 25 and 26, 2013, the chancery court held a hearing on the issue of whether the privilege license application was valid. At the hearing, testimony went back and forth concerning which version of the three versions presented was actually the privilege license application submitted to the city. Artz claimed that the application introduced as Exhibit 11 was a photocopy of the application introduced as Exhibit 4, and Exhibit 11 contained the additional pages missing from Exhibit 4. In his bench ruling, the chancellor ultimately concluded, based on the testimony and evidence, that the privilege license application marked as Exhibit 4 was the actual application submitted to the city on September 17, 2009, and Exhibit 4 was incomplete and thus invalid. We can discern no reversible error in the chancellor's finding.

¶16.   The record contains instructions for completing a privilege application. The instructions read, in pertinent part:

> Application must be signed by owner or authorized agent.
> Print name under signature.
> Enter title of applicant.
> Application must be signed in the presence of a notary, who will complete the affidavit section or signed *in the presence of an authorized person* in the

8

General Finance Department. If signed in office, the staff person will complete the affidavit portion.

(Emphasis added.) Exhibit 4 is missing the required signature by the applicant and is not notarized or completed by a member of the General Finance Department. The instructions clearly require the application to be signed in the presence of the General Finance Department or otherwise notarized. Artz testified he did not sign the application in the presence of the department, and it was not notarized. Thus, regardless of any discrepancies about which exhibit was the submitted application, the application was not complete.

*B. Whether, regardless of the invalid application, Hotboxxx has standing.*

¶17.   Hotboxxx argues that the determination of standing should not be based *solely* on the whether it submitted a business license application to the City of Gulfport. Hotboxxx cites *Fordice v. Bryan*, 651 So. 2d 998 (Miss. 1995), for the rule that standing should be based on whether Hotboxxx "assert[s] a colorable interest in the subject matter of the litigation or experience[s] an adverse effect from the conduct of the defendant . . . ." *Id.* at 1003. Hotboxxx argues that its lease of the commercial building constitutes a colorable interest, giving it standing to challenge the zoning ordinance restriction. Hotboxxx states that its chosen location for the business is in violation of the ordinance, and therefore, it experienced an adverse effect from the enactment of the ordinance.

¶18.   The City of Gulfport argues that standing requires a party to point to specific evidence illustrating an injury in fact. *See Lujan v. Defender of Wildlife*, 504 U.S. 555, 560-61, 563 (1992). Gulfport states that Hotboxxx did not have an injury because Hotboxxx submitted an improper application; therefore, regardless of the Ordinance, Hotboxxx was not able to

9

engage in the business. Gulfport then argues that the colorable interest claims by Hotboxxx do not prove an injury because they must be supported either with evidence found in the record or presented at trial, and Hotboxxx's lease states it is void if it is unable to obtain a license.

¶19.    Standing is a jurisdictional issue. *City of Madison v. Bryan*, 763 So. 2d 162, 166 (Miss. 2000); *In re City of Biloxi*, 113 So. 3d 565, 570 (Miss. 2013).  Thus, it may be raised by the Court *sua sponte* or by any party at any time, and the standard of review is *de novo*. *Bryan*, 763 So. 2d at 166; *In re City of Biloxi*, 113 So. 3d at 570.  The district court found a lack of standing for Hotboxxx to challenge the constitutionality of the ordinance because Hotboxxx had not submitted a valid license application.  Subsequently, in its Final Judgment after the February 25-26, 2013, hearing, the chancery court found that Hotboxxx had failed to submit a proper license application, and therefore, it had no standing.

¶20.    The Supreme Court of the United States has held that "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or . . . a federal statute."  *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).  In Mississippi, standing depends on whether the plaintiff asserts a "colorable interest in the subject-matter of the litigation or experience[s] an adverse effect from the conduct of the defendant, or as otherwise provided by law."  *Kinney v. Catholic Diocese of Biloxi, Inc.*, 142 So. 3d 407, 412-13 (Miss. 2014) (quoting *Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 826-27 (Miss. 2009)).  Thus, while standing in federal court requires an "injury in fact," standing in

Mississippi courts is more liberal and requires a "colorable interest in the subject matter." *See Kinney*, 142 So. 3d at 412.

¶21.   The Court has further defined a colorable interest as "whether the particular plaintiff had a right to judicial enforcement of a legal duty of the defendant or . . . whether a party plaintiff . . . can show in himself a *present*, *existent* actionable title or interest, and demonstrate that this right was complete at the time of the institution of the action." *City of Picayune v. S. Reg'l Corp.*, 916 So. 2d 510, 526 (Miss. 2005) (internal citation omitted) (emphasis added); *see also In re City of Biloxi*, 113 So. 3d at 570.  An inchoate or not fully developed right is not sufficient.  *Cumbest v. Commissioners of Election of Jackson County*, 416 So. 2d 683, 687 (Miss. 1982) (citing *American Book Co. v. Vandiver*, 178 So. 598, 599 (Miss. 1938)).

¶22.   As discussed above, Hotboxxx did not submit a valid license application, but Hotboxxx maintains that it had signed a lease and claims it was fully registered as a business entity with a business plan.  Although Hotboxxx may have been registered as a business with a business plan, the signed lease is the only evidence in the record linking Hotboxxx to the zone of the city affected by the ordinance.

¶23.   The Court also has held that "[A]ny property owner or person having an interest in property which is or may be affected by a permit or variance illegally issued or denied is an aggrieved party and may apply to the court for relief." *Belhaven Improvement Ass'n, Inc. v. City of Jackson*, 507 So. 2d 41, 46 (Miss. 1987) (quoting *Mayor, etc., City of Pontotoc v. White*, 93 So. 2d 852, 856 (Miss. 1957)).  The lease dated July 14, 2009, for 1820 Pass Road, Gulfport, Mississippi, at first glance appears to present an interest in property affected

11

by the ordinance. However, the lease provides, "In the event that the Lessor cannot obtain the necessary business licenses and or approvals from the City of Gulfport to operate their business, this contract shall become void." Although Hotboxxx had an interest in land affected by the ordinance, when Hotboxxx failed to submit a valid application and failed to obtain a license, the lease became void, and Hotboxxx no longer had an interest in the land.

¶24. The Court has stated: "[S]tanding must exist when litigation is commenced and must continue through all subsequent stages of litigation, or the case will become moot." *In re City of Biloxi*, 113 So. 3d at 572 (emphasis added). Similarly, the Court in *Bryan* determined that Bryan did not have standing to appeal the city's veto of his site plan because his option to purchase the land had expired, and he did not have "any other encumbrance upon the property." *Bryan*, 763 So. 2d at 166. In the instant case, Hotboxxx's lease was pendent on obtaining the appropriate licenses. The chancery court held the application for the privilege license to be invalid, and we upheld that finding. Thus, the lease is void, and Hotboxxx has no interest in the land, and therefore, under Mississippi case law, no standing.

¶25. Alternatively, Hotboxxx cites to the dissent in *Board of Trustees of State Institutions of Higher Learning v. Van Slyke*, 510 So. 2d 490, 496 (Miss. 1987), to claim that "Mississippi courts are able to grant standing to parties who seek review of governmental actions." Although parts of the argument made by Justice Prather were later adopted by the Court, Hotboxxx takes Justice Prather's argument out of context. The *Van Slyke I* dissent and the later majority in *Van Slyke v. Board of Trustees of State Institutions of Higher Learning*, 613 So. 2d 872 (Miss. 1993), further stated:

12

> The argument persists that citizens should have the authority to challenge the constitutionality and/or review of governmental action, and if individuals do not have such authority, how else may constitutional conflicts be raised. This is particularly true when a public official charged with such a duty fails to act. Constitutional litigation by private citizens may be maintained in cases where there is no probability [of the validity] of the statute being challenged by one of the class discriminated against; or, when a decision on validity would not be necessary, one not within the class may question the validity of the state.

*Van Slyke II*, 613 So. 2d at 875; *see also* *Van Slyke I*, 510 So. 2d at 497 (Prather, J. dissenting) (quoting *Miller v. Lamar Life Ins. Co.*, 131 So. 282 (1930)).

¶26. Here, a public official has not failed to act; the question is the constitutionality of a city ordinance. Moreover, here, a party with an interest in land affected by the ordinance's zoning regulations would have standing to sue. The Court in *Board of Trustees of State Institutions of Higher Learning v. Ray*, 809 So. 2d 627 (Miss. 2002), similarly limited the general standing rule, finding no colorable interest for standing. *Ray*, 809 So. 2d at 632 ("Here, a public official has not refused to act; in fact, in this particular case there has been much activity on the part of those political bodies involved. This certainly lessens support for allowing action by uninvolved citizens."). Thus, under the instant facts, *Van Slyke II*'s general rule that uninvolved citizens should have the authority to challenge the constitutionality of governmental action does not hold much strength, and it does not generate a colorable interest for Hotboxxx to assert standing.

### CONCLUSION

¶27. Dismissal without prejudice by the federal district court did not preclude the instant case from being brought in chancery court. The chancellor's finding that the privilege license application was invalid was not clearly erroneous; therefore, the Court upholds the

13

chancellor's finding. Even under the colorable interest standard, the invalid license application and subsequent void lease do not give Hotboxxx a colorable interest to challenge the constitutionality of the ordinance. Thus, we affirm the chancery court's holding that Hotboxxx does not have standing to challenge the constitutionality of the ordinance.

¶28. **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**