# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00908-COA

**NUNGESSER INDUSTRIES LLC**                                        **APPELLANT**

**v.**

**CITY OF JACKSON, MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/18/2018 |
| TRIAL JUDGE: | HON. JOSEPH ANTHONY SCLAFANI |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JANE E. TUCKER |
| | HALBERT E. DOCKINS JR. |
| ATTORNEYS FOR APPELLEE: | LASHUNDRA JACKSON-WINTERS |
| | JAMES ANDERSON JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 12/10/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     On April 7, 2008, a tornado damaged buildings and downed power lines and trees in Jackson, Mississippi, leaving many areas of the city without power. Jackson's mayor, Frank Melton, declared a state of emergency and entered into an oral contract with Nungesser-Louisiana LLC for debris cleanup at the rate of $15.00 per cubic yard. The company was paid $127,367.50 for this work.

¶2.     A couple of weeks later, Jackson's City Council awarded the prime contract for the remainder of the cleanup operations to Garrett Enterprises LLC, a local company, at $15.00 per cubic yard. Because Garrett lacked adequate equipment for the job, Nungesser-Louisiana

LLC entered into a subcontract with Garrett on April 25, 2008, for construction services at $9.00 per cubic yard. Mayor Melton was aggrieved that Garrett had been awarded the prime contract; so he entered into a verbal agreement to pay Nungesser-Louisiana LLC an additional $6.00 per cubic yard. This agreement was later memorialized in writing. Garrett paid Nungesser-Louisiana LLC for its services under the subcontract. However, the City of Jackson did not pay the company under the second agreement authorized by Mayor Melton.

¶3.    On June 27, 2008, Nungesser Industries LLC, a Mississippi limited liability company (LLC), filed a Certificate of Formation with the Mississippi Secretary of State's office, and on July 1, 2008, the company was registered in Mississippi. On July 28, 2009, "Nungesser Industries, LLC . . . a properly incorporated *Mississippi LLC*" (Nungesser-Mississippi LLC) filed a complaint in the Hinds County Circuit Court against the City of Jackson and other named defendants (e.g., Jackson City Council members and the new mayor), alleging breach of contract and "tortuous interference with business."[1] (Emphasis added). Specifically, the complaint asserted: (1) that the City of Jackson failed to pay Nungesser-Mississippi LLC $658,000 under the second contract with Mayor Melton; and (2) that Nungesser-Mississippi LLC missed out on other contractual opportunities at a loss of $1,500,000.

¶4.    On June 12, 2017, the City of Jackson filed a motion for summary judgment, asserting Nungesser-Mississippi LLC lacked standing to bring the claims. Specifically, the City of

---

[1] Nungesser-Mississippi LLC voluntarily dismissed the claim for tortious interference in 2017.

Jackson contended that Nungesser-Mississippi LLC did not exist as a legal entity when the events that are the subject of the complaint occurred. Opposing the motion, Nungesser-Mississippi LLC filed a motion for the substitution or joinder of party/plaintiff on July 31, 2017, requesting to add Nungesser-Louisiana LLC as a party.

¶5. The circuit court dismissed the complaint on May 18, 2018, finding that the Mississippi LLC and the Louisiana LLC were separate legal entities and that Nungesser-Mississippi LLC "lacked standing to assert the breach of contract claim" because it "was not a party to the subject contract." Therefore, the court determined it did not have subject-matter jurisdiction. As there was no valid action filed, the court "denied" the motion to substitute the parties, finding that the plaintiff (now styled as "Nungesser Industries LLC") was not entitled to relief under Rule 17 of the Mississippi Rules of Civil Procedure.

¶6. Finding no error on appeal, we affirm.

## DISCUSSION

¶7. Nungesser Industries LLC contends the circuit court erred in dismissing its complaint. The appellant acknowledges that "Nungesser *mistakenly* registered his construction company as a Mississippi LLC instead of registering it as a foreign corporation doing business in Mississippi." (Emphasis added). However, it argues that there should be an exception to the standing issue, particularly, when "the named plaintiff is essentially the same entity as the contracting party and there is no confusion as to who the defendant was dealing with."

¶8. The circuit court found that Nungesser-Mississippi LLC and Nungesser-Louisiana

3

LLC are "separate and distinct legal entit[ies], each possessing its own legal rights." Mississippi law has recognized that "[o]rdinarily two or more corporations are separate and distinct entities . . . although such corporations may have the same persons as officers." *Murdock Acceptance Corp. v. Adcox*, 245 Miss. 151, 163, 138 So. 2d 890, 895 (1962). Thus, as a general rule, a company's "distinct corporate identity will be maintained unless to do so would subvert the ends of justice." *Johnson & Higgins v. Comm'r of Ins. of Miss.*, 321 So. 2d 281, 284 (Miss. 1975).

¶9.     Nungesser Industries LLC claims that forming the Mississippi LLC was a "mistake" and that "the Mississippi LLC was hardly a new and separate entity." The record contradicts its contention. Nungesser-Mississippi LLC filed a "Certificate of Formation" with the Secretary of State on June 27, 2008, creating a domestic limited-liability entity in the State of Mississippi, separate and distinct from the Louisiana limited-liability entity. When questioned about the entities' registration in Mississippi, Nungesser Industries LLC's counsel acknowledged they were separate entities.

> BY THE COURT:      Now, was Nunsinger -- or Nungesser of Louisiana did they ever qualify to do business in the State of Mississippi?
>
> BY MR. DOCKINS:    Yes, sir.
>
> BY THE COURT:      In what fashion?
>
> BY MR. DOCKINS:    They registered.
>
> BY THE COURT:      Did they file their certificate or did they create a Mississippi corporation? Which was it?

4

BY MR. DOCKINS: *They did both, Your Honor. They did a Mississippi incorporation in 2008, and they incorporated.*

(Emphasis added). It was admitted, however, that Nungesser-Louisiana LLC did not apply to register as a foreign company in Mississippi until July 26, 2017.

¶10. Further, Nungesser Industries LLC has offered no reason why holding it to its chosen corporate form would "subvert the ends of justice." Nungesser-Louisiana LLC could have registered as a foreign company or corporation within the statute-of-limitations period, or it could have simply assigned its contractual rights to Nungesser-Mississippi LLC so as to provide that entity standing. Although Nungesser Industries LLC has insisted on appeal that the registration of its Mississippi company was a "mistake," the company made no assertions in this regard at the trial-court level; nor did it submit evidence to support this claim. We can envision reasons why a foreign entity would choose not to register in Mississippi and subject itself to the jurisdiction and laws of Mississippi courts. *See* Miss. Code Ann. § 79-4-15.05 (Rev. 2013) (conferring upon a foreign corporation with a valid certificate of authority the same "*duties, restrictions, penalties, and liabilities*" imposed on "a domestic corporation of like character") (emphasis added). Accordingly, we agree with the court's finding that the Mississippi LLC and the Louisiana LLC were separate entities, "each possessing its own legal rights."

¶11. The next issue is whether Nungesser-Mississippi LLC had standing to file the action against the City of Jackson. "Standing is a jurisdictional issue . . . [that] may be raised by the

5

[appellate court] sua sponte or by any party at any time, and the standard of review is de novo." *Davis v. City of Jackson*, 240 So. 3d 381, 383 (¶9) (Miss. 2018) (quoting *Hotboxxx LLC v. City of Gulfport*, 154 So. 3d 21, 27 (¶19) (Miss. 2015)). The Mississippi Supreme Court has held:

> In Mississippi, standing depends on whether the plaintiff asserts a "colorable interest in the subject-matter of the litigation or experiences an adverse effect from the conduct of the defendant, or as otherwise provided by law." Thus, while standing in federal court requires an "injury in fact," standing in Mississippi courts is more liberal and requires a "colorable interest in the subject matter."

*Hotboxxx LLC*, 154 So. 3d at 27 (¶20) (citations omitted). A "colorable interest" is defined as whether the "plaintiff ha[s] a right to judicial enforcement of a legal duty of the defendant" or can demonstrate that it has "a present, existent actionable title or interest, and . . . that this right was complete at the time of the institution of the action." *Id*. at (¶21) (emphasis omitted); *see also Kirk v. Pope*, 973 So. 2d 981, 989 (¶23) (Miss. 2007) ("To have standing, . . . there must be a present, existent actionable title or interest which must be completed at the time the cause of action is filed.") (internal quotation mark omitted). "A lack of standing 'robs the court of jurisdiction to hear the case.'" *Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 826 (¶32) (Miss. 2009) (quoting *Pruitt v. Hancock Med. Ctr.*, 942 So. 2d 797, 801 (¶14) (Miss. 2006)). As the supreme court recently noted, "[s]tanding is different than capacity, which concerns the formal ability of a party to sue or to be sued." *Jourdan River Estates LLC v. Favre*, No. 2017-CA-01386-SCT, 2019 WL 4686417, at *7 (¶41) (Miss. Sept. 26, 2019); *see Collins v. Gen. Elec. Co.*, 239 Miss. 825,

6

833, 123 So. 2d 609, 613 (1960) ("[I]in every action there must be a real plaintiff who is a person in law and who is possessed of a legal entity and capacity to sue."). "Unlike standing, the lack of which cannot be waived or cured, capacity to sue can be cured." *Lewis v. Ascension Par. Sch. Bd.*, 662 F.3d 343, 347 (5th Cir. 2011).

¶12.   As a properly-registered legal entity, Nungesser-Mississippi LLC had capacity to file suit on July 28, 2009. But the circuit court is correct—the company lacked standing. Nungesser-Mississippi LLC was not a party to the April 2008 agreement with Mayor Melton; nor was it a legal entity when the work was performed under the contract. Therefore, it possessed no right to judicial enforcement of the City's alleged duty to pay under the contract. Also, when the suit was filed in July 2009, Nungesser-Mississippi LLC had no "present, existent actionable title or interest" in the claim, and it has failed to demonstrate any colorable interest in the subject matter of the suit. We find no error in the circuit court's determination that Nungesser-Mississippi LLC lacked standing and that the court lacked subject-matter jurisdiction.

¶13.   We are mindful that this Court has cautioned against confusing "standing to sue with the right to relief." *Miss. Valley Silica Co. v. Barnett*, 227 So. 3d 1102, 1114 (¶26) (Miss. Ct. App. 2016) (quoting *White Cypress Lakes Dev. Corp. v. Hertz*, 541 So. 2d 1031, 1034 (Miss. 1989)), *abrogated on other grounds by Portis v. State*, 245 So. 3d 457, 470-71 (¶32) (Miss. 2008). "[T]he rule that a suit must be prosecuted in the name of a real party in interest, *see* M.R.C.P. 17(a), is distinct from and must not be confused with the jurisdictional

7

doctrine of standing." *Id*. Unlike the issue of standing, "[a] real-party-in-interest defense must be timely and may be waived if tardily asserted." *Kirk*, 973 So. 2d at 988 (¶21). In this case, Nungesser-Mississippi LLC not only lacked standing but also was not a real party in interest.

¶14. Nungesser Industries LLC asserts that the circuit court erred in not granting its motion to substitute Nungesser-Louisiana LLC as the real party in interest under Mississippi Rule of Civil Procedure 17(a), which states:

> (a)     Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

We find no error in the circuit court's denial of the motion based on the court's lack of subject-matter jurisdiction. In *Garlock Sealing Technologies LLC v. Pittman*, Nos. 2008-IA-01572-SCT, 2008-IA-1584-SCT, 2008-IA-01599-SCT, 2010 WL 4009151 at *1 (¶1) (Miss. Oct. 14, 2010), the supreme court considered whether a wife had standing to file suit on behalf of her deceased husband. Because the husband was deceased prior to the filing of the action, the supreme court determined that the suit was "null and void." *Id*. at *3-4 (¶¶15, 20). The supreme court then considered whether Rule 17(a) of the Mississippi Rules of Civil

Procedure allowed the substitution of the wife as a party. *Id*. at *4 (¶21). The *Garlock* court reasoned that Rule 17 "takes for granted or presumes that a valid 'action' exists." *Id*. at *5 (¶26). Because the original action "was a nullity," a "valid action was never commenced," and Rule 17(a) did not allow the wife to be substituted as a party. *Id*. at *6 (¶27).

¶15.    Similarly, in *Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo*, 987 So. 2d 989, 995-96 (¶16) (Miss. Ct. App. 2007), this Court held that an amended complaint filed under Rule 15 of the Mississippi Rules of Civil Procedure "cannot relate back to the filing of the original complaint" where the original plaintiff lacked standing "because a complaint cannot relate back to a nullity." "The basic rationale is that there is simply nothing to amend." *Garlock*, 2010 WL 4009151, at *6 (¶28); *see also Summit Office Park Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1281-83 (5th Cir. Unit A, Mar. 1981) (finding that because the initial complainant, Summit, lacked legal standing to bring an antitrust action against defendants, the court "was without power to amend the complaint so as to initiate a new lawsuit with new plaintiffs and a new cause of action").

¶16.    While we find that Nungesser-Louisiana LLC was a real party in interest as a party to the 2008 agreement, Nungesser-Mississippi LLC's lack of standing renders the original action a nullity. Moreover, as the City noted in its motion opposing the substitution of parties, Nungesser-Louisiana LLC "was not qualified to file suit in Mississippi at the time the present action commenced for it was not registered with the Mississippi Secretary of State until July 26, 2017, eight (8) years after the commencement of the action and nine (9)

9

years after the alleged 'verbal commitment.'" Nungesser Industries LLC's counsel admitted

as much to the circuit court at the motions hearing:

> BY THE COURT: All right, sir. So then my question – the answer to my question [is] Nungesser was not qualified to do business in the State of Mississippi under the statute at the time of the execution of the contract; is that correct?
>
> BY MR. DOCKINS: Your Honor, under 79 – under that 79 statute I think they were qualified to contract with the City when they were first called.
>
> BY THE COURT: But not qualified to bring an action.
>
> BY MR. DOCKINS: *They weren't qualified to bring an action.* That's correct, Your Honor.[2]

(Emphasis added). Therefore, Nungesser-Louisiana LLC had no statutory authority to file

suit in Mississippi until July 2017, years after the applicable three-year statute-of-limitations

period had run. *See Wallace v. Greenville Pub. Sch. Dist.*, 142 So. 3d 1104, 1106 (¶8) (Miss.

Ct. App. 2014) ("Causes of action for breach of contract are subject to the three-year statute

of limitations . . . in Mississippi Code Annotated section 15-1-49.").

¶17. Finding no error in the circuit court's holding that Nungesser-Louisiana LLC and

Nungesser-Mississippi LLC were separate legal entities and that Nungesser-Mississippi LLC

lacked standing to bring suit, we affirm the court's dismissal for lack of subject-matter

---

[2] Mississippi Code Annotated section 79-29-1013(1) (Rev. 2013) provides: "A foreign limited liability company transacting business in this state may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state."

jurisdiction. We further conclude that the circuit court did not err in denying the motion to substitute parties under Rule 17(a) because the original action was a "nullity," and the amended complaint could not relate back to the original filing.

¶18.    **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE AND C. WILSON, JJ., CONCUR. McDONALD AND McCARTY, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**