# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CT-01190-SCT

*LINDA LEE*

*v.*

*THE CITY OF PASCAGOULA, MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/18/2022 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| TRIAL COURT ATTORNEYS: | WILLIAM HARVEY BARTON |
| | MICHAEL RILEY MOORE |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM HARVEY BARTON |
| ATTORNEY FOR APPELLEE: | MICHAEL RILEY MOORE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS VACATED, AND THE APPEAL IS DISMISSED - 02/20/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     This Court does not adjudicate moot questions—including questions that become moot during review.  That is why we granted the City of Pascagoula's petition for certiorari review.  We agree the City is right that this appeal is moot and should be dismissed. We also find Lee lacks standing.

¶2.     The sole question on appeal is whether the City of Pascagoula can enforce its decision that Linda Lee's motel was a menace that must be torn down.  The Court of Appeals ruled

that the City failed to properly notify Lee that she would be ordered to tear down her motel. But Lee admitted in her appellate filings that the motel has already been torn down by a new owner. So whether the City can enforce its decision that the motel must be torn down is a moot question—the motel is gone. And because the motel is gone, the Court of Appeals erred by addressing the merits of Lee's appeal of the order to tear it down.

¶3. Moreover, Lee admits in a separate damages lawsuit against the City that she transferred the property to her son the day of the city council meeting. So Lee no longer had any interest in the property when she appealed the City's demolition decision. Thus, she lacked standing to pursue this appeal, and we lack jurisdiction.

¶4. We vacate the Court of Appeals' decision to reverse and remand, and we dismiss Lee's appeal.

### Background Facts & Procedural History

### I. Order to Demolish Motel

¶5. On December 7, 2021, the Pascagoula City Council, following a hearing, ordered demolition of any dilapidated structures on Lee's property, known as the Crown Inn Motel.

¶6. The fifty-year-old motel had significantly deteriorated. It was being improperly used as an apartment building, attracting vagrants and drug users. In the four years preceding the city council's decision, the police department had responded to more than one thousand motel-related service calls. In September 2021, the South Mississippi Enforcement Team sent the Crown Inn's owner Linda Lee a letter demanding she abate the nuisance on her property, citing Mississippi Code Section 41-29-309 (Rev. 2023). The next month, the City's

building official sent notice the property would be condemned for human habitation effective November 1, 2021. And the City sent Lee a notice of a December 7, 2021 hearing to address her property's condition. The notice alleged the motel was in a state of uncleanliness creating a menace to the community's public health, safety, and welfare.

¶7. Lee failed to appear at the hearing. But her son did. And he brought with him a contractor. The contractor discussed necessary measures to bring the building up to code and the required time frame. The city council, however, determined the motel was beyond repair. And it ordered that all dilapidated structures be immediately demolished.

## II. Appeal of City's Order

¶8. Within ten days, Lee appealed the city council's decision to the Jackson County Circuit Court. *See* Miss. Code Ann. § 11-51-75 (Rev. 2019) (permitting "[a]ny person aggrieved by a judgment or decision of . . . the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which . . . the municipality is located"). Lee argued the City failed to support its decision with substantial evidence. She also argued it failed to comply with statutory notice provisions.

¶9. On November 18, 2022, the Jackson County Circuit Court, sitting as an appellate court, affirmed the City's demolition decision. Four days later, on November 22, 2022, Lee appealed to this Court. We assigned Lee's appeal to the Court of Appeals.

## III. Separate Damages Lawsuit Against the City

¶10. While Lee's appeal was pending before the Court of Appeals, Lee filed a separate lawsuit against the City in Jackson County Circuit Court on February 10, 2023. The separate

3

suit sought money damages under 42 U.S.C. § 1983. Lee asserted the City's actions culminating in the December 7, 2021 demolition order violated her federal and state constitutional rights—particularly, her right to due process.

¶11. Because she asserted federal-law claims, the City removed Lee's damages suit to federal court. The City then moved for summary judgment. It argued among other things that Lee lacked standing because she no longer owns the property. Lee had transferred the property to her son the same day the city council met and approved the demolition order. She conveyed the property to her son by quitclaim deed dated December 7, 2021. The City attached a copy of the quitclaim deed to its motion for summary judgment. The City also attached a copy of a warranty deed showing Lee's son later conveyed the property to a third party. In her response to the City's motion for summary judgment, Lee admitted that neither she nor her son still own the property.

¶12. On September 14, 2023, the federal district court granted the City's summary-judgment motion in part. While the federal court determined Lee did have standing, it was only for claims for damages "allegedly caused by the City *prior* to December 7, 2021"—the date Lee deeded the property to her son. ***Lee v. City of Pascagoula (Lee I)***, No. 1:23cv63-LG-RPM, 2023 WL 8654932, at *4 (S.D. Miss. September 14, 2023) (emphasis added). The federal court then addressed the merits of Lee's procedural and substantive due process claims. *Id.* at *4-7. That court found "[t]he City satisfied the federal constitutionally requirements of due process." *Id.* at *5. The court's ruling was based in part on the City's giving Lee notice and an opportunity to appear at a hearing before it declared the motel a

4

menace. ***Id.*** The court also held that Lee availed herself of the opportunity when "[s]he chose to transfer ownership of the property to her son so that he could appear at the hearing." ***Id.***

¶13. The federal court granted the City summary judgment on all federal-law claims. ***Id.*** at *7. It remanded any remaining state law claims to Jackson County Circuit Court. ***Id.***

### IV. Court of Appeals' Decision

¶14. Seven months after the federal court's summary-judgment order in the damages suit, the Court of Appeals handed down a decision in the direct appeal of the City's demolition order. ***Lee v. City of Pascagoula (Lee II)***, No. 2022-CA-1190-COA, 2024 WL 1519902 (Miss. Ct. App. Apr. 9, 2024).

¶15. The City had argued in its brief that Lee lacked standing to appeal. The lack of standing was based on her no longer owning the property ordered to be torn down. The City also argued that, because the property's structures had all been demolished, the appeal was moot. As with its summary-judgment motion filed in the separate damages lawsuit, the City attached the quitclaim deed from Lee to her son. It also attached her son's warranty deed to the third-party buyer. The City also provided an affidavit and photograph by a City official establishing the motel had already been torn down.

¶16. In her reply brief, Lee freely admitted that "the property was razed." But because her separate damages lawsuit is still pending, she asserted "every issue set forth in this appeal is still viable and will require judicial determination." In her view, "this appeal will not be an advisory opinion, but will control what happens in other litigation."

¶17.     The Court of Appeals rejected the City's lack-of-standing and mootness arguments. Despite Lee's clear admission, the Court of Appeals found that "the factual basis of this argument is not contained in the record." *Id.* at \*10. "Instead, the City relies on a series of documents that are outside the record that it merely filed on the appellate docket." *Id.*

¶18.     The Court of Appeals found the City's declaration that the motel was a menace was supported by substantial evidence. *Id.* at \*3-5. But contrary to the federal court, the Court of Appeals did not find the City's pre-hearing notice satisfied due process. *Id.* at \*8-11. Instead, the Court of Appeals found the City's notice was insufficient because it did not sufficiently inform her that one of the results of the December 7, 2021 hearing could be that her motel would be demolished. *Id.* at \*11. The Court of Appeals "reverse[d] the judgment [of the Jackson County Circuit Court ] in part and remand[ed] to the Circuit Court for a determination of what remedy should be afforded, if any." *Id.*

## Discussion

¶19.     We granted the City's petition for writ of certiorari. We did so to specifically address the claims that Lee's appeal is moot and that Lee lacks standing. These are both jurisdictional questions we address de novo. *Barrett v. City of Gulfport*, 196 So. 3d 905, 910 (Miss. 2016) (citing *Frisby v. City of Gulfport (In re City of Biloxi)*, 113 So. 3d 565, 572 n.4 (Miss. 2013); *Hall v. City of Ridgeland*, 37 So. 3d 25, 33 (Miss. 2010)). After review, we find Lee's appeal must be dismissed because it is moot and because Lee lacks standing.

### I.     This Appeal is Moot

¶20. By Lee's own admission to the Court of Appeals, the motel has been razed. So this appeal is moot.

¶21. Unlike Lee's separate, pending lawsuit—which seeks damages based on the City's actions before and leading up to the December 7, 2021 decision to demolish the motel—the scope of this appeal is narrow. It is a Section 11-51-75 appeal of the City's demolition order. So the sole question is whether the City's order should be affirmed or reversed. Miss. Code Ann. § 11-51-75(d) (Rev. 2019). And that question is undoubtedly moot because the building in question has already been demolished. In other words, there is no need to affirm or reverse an order to demolish a building that has already been torn down.

¶22. "Cases in which an actual controversy existed at trial *but the controversy has expired at the time of review*, become moot." *Monaghan v. Blue Bell, Inc.*, 393 So. 2d 466, 466 (Miss. 1980) (emphasis added). Here, whatever controversy may have existed on December 7, 2021, over the motel being razed, that controversy no longer exists—neither does the motel.

¶23. We appreciate the Court of Appeals not wanting to go outside the record to resolve a factual issue on appeal. But Lee *admitted* to the Court of Appeals in her reply brief that the building has been razed. And an appellate court "can appropriately treat statements in briefs as binding judicial admissions of fact." *City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990) (citing *Young & Vann Supply Co. v. Gulf, Fla. & Ala. R.R. Co.*, 5 F.2d 421, 423 (5th Cir. 1925)); *see also Elliott v. AmeriGas Propane, L.P.*, 249 So. 3d 389, 396 n.4

7

(Miss. 2018) (adopting the Fifth Circuit's position on judicial admissions in *City National Bank*, 907 F.2d at 544).

¶24.    We find it particularly appropriate to bind Lee to her admission in this case. Lee essentially admitted in her brief to the Court of Appeals that her goal in this appeal is not to save the motel. Instead, she aims to bolster her separate damages lawsuit. While Lee suggests a merits-based opinion in this appeal would not be advisory, we disagree. Allowing the Court of Appeals' merit-based decision to stand, when the question about enforcement of the demolition order is moot, would be the epitome of an advisory opinion. And "we have no power to issue advisory opinions." *Monaghan*, 393 So. 2d at 466-67 (citing *Insured Sav. & Loan Ass'n v. State*, 242 Miss. 547, 135 So. 2d 703 (1961); *McLendon v. Laird*, 211 Miss. 662, 52 So. 2d 497 (1951); *Van Norman v. Barney*, 199 Miss. 581, 24 So. 2d 866 (1946)).

¶25.    The only remedy Lee sought in this appeal was reversal of the demolition order, which is now moot. Indeed, Lee's pending claims for money damages were raised in a separate action pending in Jackson County Circuit Court. And this Court at present has no jurisdiction over that lawsuit. Thus, it was error for the Court of Appeals to reverse and remand *this appeal* to the Jackson County Circuit Court to determine "what remedy [Lee] should be afforded, if any." *Lee II*, 2024 WL 1519902, at *11.

## II.    Lee Lacks Standing

¶26.    But even if this appeal were not moot and this opinion would not be advisory, we would still have to dismiss due to Lee's lack of standing.

¶27. "Standing is a jurisdictional issue." *Hotboxxx, LLC v. City of Gulfport*, 154 So. 3d 21, 27 (Miss. 2015) (citing *City of Madison v. Bryan*, 763 So. 2d 162, 166 (Miss. 2000); *In re City of Biloxi*, 113 So. 3d at 570). While "different standing requirements are accorded to different areas of the law, and an individual's legal interest or entitlement to assert a claim against a defendant must be grounded in some legal right recognized by law . . . ." *City of Picayune v. S. Reg'l Corp.*, 916 So. 2d 510, 526 (Miss. 2005)). The general rule is that, to demonstrate standing, "a party plaintiff in an action for legal relief [must] show in himself a present, existent actionable title or interest, and demonstrate that this right was complete at the time of the institution of the action." *Id.* Further, "standing must exist when litigation is commenced and must continue through all subsequent stages of litigation, or the case will become moot." *In re City of Biloxi*, 113 So. 3d at 572.

¶28. Here, for Lee to have standing to pursue a statutory appeal of the City's demolition order, she had to have a right or interest in the property. And this interest had to exist not only when she filed her notice of appeal but also throughout the entire appeal. Lee commenced this administrative appeal on December 16, 2021. By that time, she had conveyed the property to her son by quitclaim deed. The quitclaim deed is part of the record in Lee's separate lawsuit against the City based on the same City actions. And the Court of Appeals acknowledged it knew about the other suit—and the federal court's summary-judgment ruling. *Lee II*, 2024 WL 1519902, at *3 n.2. In that case, Lee neither contested the validity of the quitclaim deed nor denied she transferred the property on December 7,

9

2021. *Lee I*, 2023 WL 8654932, at *4 ("The parties agree that [Lee] conveyed the property to [her son's corporation] via Quit Claim Deed on December 7, 2021.").

¶29.    So not only is Lee bound by her admission to the court, *Elliott*, 249 So. 3d at 396, but we also take judicial notice of her quitclaim deed. *NewSouth Neurospine, LLC v. Hamilton*, 283 So. 3d 1092, 1098 (Miss. 2019) (acknowledging "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (quoting MRE 201(b)(2))).  Moreover, the federal court relied on Lee's concession that she had transferred the property to her son on December 7, 2021, when partially granting summary judgment. *Lee I*, 2023 WL 8654932, at *4.  Thus, we also find Lee is judicially estopped from taking an inconsistent position in this appeal. *Saunders v. Nat'l Collegiate Athletic Ass'n*, 352 So. 3d 618, 624 (Miss. 2022) (explaining the three elements of judicial estoppel—"an asserted legal position inconsistent with one previously taken during litigation, a court's acceptance of that previous position, and no inadvertence in taking the inconsistent position" (citing *Clark v. Neese*, 131 So. 3d 556, 560 (Miss. 2013))).

¶30.    There simply is no avoiding the jurisdictional problem that Lee no longer owns the property in question.  So she lacks standing to pursue this appeal.

¶31.    Therefore, we vacate the Court of Appeals' decision and dismiss Lee's appeal.

¶32.    **THE JUDGMENT OF THE COURT OF APPEALS IS VACATED, AND THE APPEAL IS DISMISSED.**

        **RANDOLPH, C.J., KING AND COLEMAN, P.JJ., CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**